FILED
IN OPEN COURT

OCT 24 2022

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEAN EDWARD CHEVES,<br><br>*Defendant*. | No. 1:21-cr-177 |

## STATEMENT OF FACTS

The United States and the defendant, DEAN EDWARD CHEVES, agree that the United States would have proven beyond a reasonable doubt with admissible and credible evidence that the defendant, a citizen of the United States, who was first arrested in the Eastern District of Virginia, traveled in foreign commerce from the United States to the Philippines, and resided, temporarily and permanently, in the Philippines, and engaged in illicit sexual conduct, that is production of child pornography as defined in 18 U.S.C. § 2256(8), with Minor 1 and Minor 2, who were under 18 years of age.

The United States and the defendant further agree that the following facts are true and correct and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From August 2017 to March 2021, the defendant, a United States citizen, was employed by the U.S. Department of State and on a term assignment to Manila, Philippines. His last flight from the U.S. to the Philippines was in September of 2019. While in the Philippines, the defendant stayed in housing leased by the United States that was used by personnel, such as the defendant, assigned to the United States embassy. While working in that role, the defendant

was assigned and used a government-issued iPhone 11. He also owned and used a personal cell phone.

2. In approximately December 2020, the defendant met Minor 2 online when she was 15 years old. The defendant saved Minor 2 in his phone with the notation "18-" and an accompanying note that included her date of birth. The defendant communicated with Minor 2 using an internet-based messaging platform installed on his personal cell phone. The defendant on several occasions sent Minor 2 money, including money for dental procedures. In January 2021, while chatting in the messaging application, the defendant agreed to purchase "private" pictures from Minor 2. On January 20, 2021, the defendant paid Minor 2 3,500 Philippine pesos (approximately 67 U.S. Dollars), after which she sent numerous images, some of which show Minor 2 engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A). The defendant then messaged Minor 2, asking what the "legal age" was in the Philippines, and she said it was 18.

3. On February 5, 2021, while the defendant was at his embassy-provided residence, the defendant asked Minor 2 via the aforementioned messaging application to make and send videos specifically for him (as opposed to sending videos that already exist), and specifically requested a video of the victim masturbating. The victim said she was not comfortable with that, and the defendant said she was "missing out" and pushed her to "try it." Minor 2 suggested a video that would not require her to masturbate and the defendant responded "lol no thanks." When Minor 2 then suggested pictures instead, the defendant asked if they can be "naughty," and offered to send her a "sample pose." During this conversation, Minor 2 noted that she would be turning 16 soon, which the defendant acknowledged. Later that day Minor 2 sent a series of pictures and videos, many of which constituted sexually explicit images.

2

4.     On March 2, 2021, while the defendant was at his embassy-provided residence, the defendant sent Minor 2 a message and asked her to shave her pubic area for the next pictures even though he stated "i [sic] know you maybe dont [sic] want to." He also directed her to take pictures touching her genitals and requested a specific pose. Cheves then confirmed he had paid Minor 2. The victim then sent multiple pictures, including pictures consistent with the defendant's requests for poses and that she shave her pubic area, which focus on her exposed genitals and show the victim manipulating her genitals. The defendant responded that he "cant [sic] wait for [the victim] to grow up."

5.     In approximately January 2021, the defendant met 16-year-old Minor 1 online. He saved the victim as a contact in his personal cell phone with the notation "18-" and with an accompanying note that included her date of birth, high school grade, and graduation year. The defendant used the same internet-based messaging platform installed on his personal phone to communicate with Minor 1, as well as other internet-based messaging platforms. The defendant and Minor 1 engaged in chat conversations, during which the defendant told Minor 1 that he worked for the U.S. Embassy and shared his exact job title, telling Minor 1 that he needed to be "extra careful" because "[t]his kind of thing causes international incidents." On January 19, 2021, Minor 1 told the defendant that she was 16 years old, and the defendant responded that she was "[o]lder than the others [he has] been chatting with and told Minor 1 that he had previously had sex with a 14-year-old in Brazil, had taken her to a "sex motel," and had taken pictures of a sexual encounter with her.

6.     On February 12, 2021, the defendant met Minor 1 in person. On that day, he had Minor 1 engage in an oral-genital sex act on him. A video of this act was subsequently found on his government-issued iPhone 11. On February 14, 2021, the defendant sent Minor 1 3,000

Philippines pesos (approximately 60 USD). On February 21, 2021, the defendant took Minor 1 to a short-term hotel in the Philippines that, due to its focus on privacy, is commonly used for sexual encounters. On that date, the defendant engaged in multiple sex acts with Minor 1, including genital-genital sex. The defendant recorded at least three videos of these acts on his government-issued iPhone 11. Each of these videos shows the defendant engaged in a sex act with Minor 1. The defendant later sent videos of these sex acts to Minor 1 on the internet-based messaging platform, noting that he had "fixed the exposure," that "the slo mo one is fun," and that the videos would look good posted on a pornography site. The defendant also emailed one of the videos to an email address associated with Minor 1.

7. On or about March 12, 2021, the defendant returned to the United States. The defendant was subsequently arrested in connection with this matter within the Eastern District of Virginia.

8. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

                                                            Respectfully submitted,

                                                            Jessica D. Aber
                                                            United States Attorney

Date:   10/24/22            By:    */s/ Lauren Halper*
                                                             Zoe Bedell
                                                            Lauren Halper
                                                            Assistant United States Attorneys

                                                            Gwendelynn Bills
                                                            Trial Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, DEAN EDWARD CHEVES, and the United States, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 10/20/2022

*Dean E. Cheves*
DEAN EDWARD CHEVES
Defendant

I am the attorney for defendant DEAN EDWARD CHEVES. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 10/20/22

*Marc Eisenstein*
Marc Eisenstein, Esq.
Counsel for DEAN EDWARD CHEVES